# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEPHEN M. CARUSO, BAR NO. 6588.

No. 77838 **FILED**

APR 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Stephen M. Caruso. Under the agreement, Caruso admitted to violating RPC 1.7 (conflicts of interest: current clients), RPC 1.15 (safekeeping property), and RPC 5.3 (responsibilities regarding nonlawyer assistants) and agreed to a three-year suspension, with all but the first six months and one day stayed.

Caruso has admitted to the facts and violations as part of his plea agreement. The record therefore establishes that Caruso represented two parties in a divorce action without obtaining a written conflict waiver. Additionally, Caruso gave his office manager unfettered access to his trust and business accounts without undertaking any steps to supervise those accounts. The office manager improperly transferred client funds to the business account to cover business expenses and embezzled client funds by issuing checks to herself and utilizing the company's ATM cards for personal use. The office manager also handled the majority of the initial

19-17617

consultations, client communication, and pre-litigation negotiations in Caruso's personal injury cases.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Caruso has admitted that he violated duties owed to his clients (conflict of interest and safekeeping property) and to the profession (responsibilities regarding nonlawyer assistants). Substantial evidence supports the panel's finding that Caruso's violations of RPC 1.15 (safekeeping property) and RPC 5.3 (responsibilities regarding nonlawyer assistants) were with knowledge; whereas, his violation of RPC 1.7 (conflicts of interest: current clients) was negligent. Caruso's clients and the profession were harmed. Specifically, funds belonging to more than 80 of Caruso's clients were misappropriated or embezzled as a result of his failure to safekeep those funds. Based on the most serious instance of misconduct, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension, *id.* at Standard 4.12 ("Suspension

Supreme Court
OF
Nevada

(O) 1947A

is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's findings of three aggravating circumstances (pattern of misconduct, multiple offenses, and vulnerability of the victims) and five mitigating circumstances (absence of prior disciplinary record, absence of dishonest or selfish motive, cooperative attitude toward the proceedings, character or reputation, and remorse).

Considering all four factors, we conclude that the agreed-upon discipline is insufficient to serve the purpose of attorney discipline. A three-year suspension, with all but the first six months and one day stayed, does not adequately protect the public, the courts, and the legal profession. *Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28. Further, the agreed-upon discipline is more lenient than discipline imposed on other attorneys for similar misconduct.[1] Additionally, we are concerned that the large amount of restitution ordered in this matter will go unpaid and we question the enforceability of the condition that the restitution be nondischargeable in bankruptcy, *see In re Stasson*, 472 B.R. 748, 752-53 (E.D. Mich. 2012) (explaining that restitution ordered in an attorney discipline matter is a

---

[1]*See In re Discipline of Rojas*, Docket No. 75289 (Order of Suspension, Dec. 21, 2018); *In re Discipline of Myers & Gomel*, Docket No. 74690 (Order Approving Conditional Guilty Plea Agreement, July 26, 2018); *In re Discipline of Anderson*, Docket No. 69076 (Order Approving Conditional Guilty Plea, Jan. 22, 2016).

dischargeable debt). Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Cadish

_____, J.
Silver

GIBBONS, C.J., and PARRAGUIRRE and SILVER, JJ., dissenting:

We respectfully dissent. We would approve the conditional guilty plea agreement.

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
Lipson Neilson P.C.
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court